```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
EMANUEL ZERAFA,                          :    ECF CASE

                Plaintiff,               :

      - against -                        :    05 Civ. 2718 (WCC)

MONTEFIORE HOSPITAL HOUSING COMPANY,     :    OPINION
INC., C&D, full name unknown, and THE         AND ORDER
LOUISVILLE LADDER GROUP, LLC,            :

                Defendants.              :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        POLLACK, POLLACK, ISAAC & De CICCO
**Attorneys for Plaintiff**
225 Broadway, Suite 307
New York, NY 10007

BRIAN J. ISAAC, ESQ.

    Of Counsel to:    BURNS & HARRIS, ESQS.
217 Broadway, Suite 308
New York, New York 10007


        WENICK & FINGER, P.C.
**Attorneys for Defendant**
  **Montefiore Hospital Housing**
  **Company, Inc.**
28 East 28th Street
New York, New York 10016

CAROL LEE CHEVALIER, ESQ.

    Of Counsel


        QUIRK AND BAKALOR, P.C.
**Attorneys for Defendant**
  **The Louisville Ladder Group, LLC**
845 Third Avenue, 15th Floor
New York, New York 10022

RICHARD H. BAKALOR, ESQ.

    Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Emanuel Zerafa brings this negligence action against defendants Montefiore Hospital Housing Company, Inc. ("MHHC"), Louisville Ladder Group, LLC ("Louisville") and C&D (full name unknown) claiming personal injury. The claim was removed to federal court by Louisville based on diversity jurisdiction pursuant to 42 U.S.C. § 1332. Plaintiff moves to remand the claim based on procedural defects pursuant to FED. R. CIV. P. § 1447(c), and MHHC moves for summary judgment under FED. R. CIV. P. 56 on the ground that it does not own the property on which the accident occurred. For the reasons stated herein, Zerafa's motion to remand is denied and MHHC's motion for summary judgment is granted.

**BACKGROUND**

**I.    Procedural History**

On April 16, 2002, plaintiff was employed as a housekeeper for Montefiore Medical Center,[1] which occupies a complex of buildings including 3400 Bainbridge Avenue. (Am. V. Complt. ¶ 20; Def. Louisville Decl. at 5.)[2] While working at 3400 Bainbridge Avenue, an alleged defect in the ladder on which he was standing caused him to fall, resulting in injury. (Am. V. Complt. ¶¶ 23, 38-39.) Plaintiff commenced an action in New York State Supreme Court, Bronx County on May 13, 2003 against MHHC as the purported owner of 3400 Bainbridge Avenue. (Pl. Mem. Supp. Mot. Remand at 2.) Plaintiff's belief that MHHC is the owner of 3400 Bainbridge Avenue is based on

---

[1] Montefiore Medical Center is not a defendant in this action.

[2] Louisville's Declaration in Opposition to Motion to Remand and in Support of Co-Defendant's Motion for Summary Judgment shall hereinafter be referred to as "Def. Louisville Decl."

1

a record abstract indicating that MHHC is the owner.[3] (*Id.*; Pl. Aff. Opp. Summ. J. ¶ 6, Ex. C.)

MHHC moved in state court for summary judgment and dismissal of plaintiff's Amended Verified Complaint on the ground that it did not own 3400 Bainbridge Avenue. (Def. MHHC Aff. Supp. Summ. J. ¶ 9.) MHHC insists that Montefiore Medical Center is the legal owner. (*Id.*) Justice George D. Salerno denied the motion without prejudice with leave to renew the motion at the completion of discovery. (*Id.* at ¶ 10.) On February 27, 2004, plaintiff amended his complaint to add Louisville, the alleged manufacturer of the ladder, as a defendant. (Am. V. Complt. ¶¶ 35-47.) On March 3, 2005, after discovery commenced but before it was completed, MHHC informed Louisville that MHHC planned to renew its motion for summary judgment. (Def. Louisville Mem. at 2;[4] Def. MHHC Aff. Supp. Summ. J., Ex. I ¶ 5.) On March 9, 2005, based on what Louisville perceived as the "inevitable" dismissal of MHHC from the action, Louisville petitioned for removal of the action to federal court based on diversity jurisdiction[5]. (Def. Louisville Mem. at 2.) On May 25, 2005, plaintiff moved for remand, at which point MHHC renewed its motion for summary judgment.

---

[3] Also named as a defendant in the action was C&D, whose full name is not known. (V. Complt. ¶¶ 11-13.) The original verified complaint alleges that C&D controlled, owned and maintained the allegedly defective ladder. (V. Complt. ¶¶ 11-13.) There is no indication that C&D ever appeared or filed an answer in this action. (Def. MHHC Mot. Summ. J., Ex. H; Pet. Removal ¶ 6.)

[4] Louisville's Memorandum of Law in Support of Declaration in Opposition to Motion to Remand and in Support of Co-Defendant's Motion for Summary Judgment will hereinafter be referred to as "Def. Louisville Mem."

[5] Louisville, a Delaware corporation with its principal place of business in Kentucky, was served on March 8, 2004. (Pet. Removal ¶ 6.) MHHC is a nonprofit corporation organized under New York law with its principal place of business in New York. (*Id.*) Plaintiff is a resident of New York. (*Id.*)

**II.     Property Interest in 3400 Bainbridge Avenue**

It is undisputed that the property known as 3400 Bainbridge Avenue rests on Block 3343, Lot 283 in Bronx, New York. (Pl. Aff. Opp. Summ. J. ¶¶ 5-6; Def. MHHC Mem. Supp. Summ. J. at 2-3; Def. Louisville Mem. at 5.) The first known record deed for Block 3343, Lot 283, dated 1910, conveys the property from William H. Picken and Julia A. Picken to Montefiore Home, a Hospital for Chronic Invalids and Country Sanitarium for Consumptives ("Montefiore Home"). (Pl. Aff. Opp. Summ. J., Ex. B; Def. MHHC Mot. Summ. J., Ex. J.) After several official name changes, Montefiore Home is now Montefiore Medical Center. (Def. MHHC Mot. Summ. J., Ex. K.)

In 1964, a deed affecting this property (hereinafter "the 1964 deed") was recorded that conveyed a section of Lot 283 from Montefiore Medical Center to MHHC. (Pl. Aff. Opp. Summ. J., Ex. C; Def. Louisville Decl., Ex. 3.) In addition, an easement between Montefiore Medical Center and MHHC (hereinafter "the 1995 easement") was recorded on August 23, 1995, allowing the Medical Center a nonexclusive, perpetual easement and right-of-way on MHHC's parcel for construction of a medical arts pavilion and parking garage. (Pl. Aff. Opp. Summ. J., Ex. D; Def. Louisville Decl., Ex. 4) The explicit language in the 1995 easement, describes MHHC's property—the burdened parcel—as "Lot 300," and the parcel owned by Montefiore Medical Center—the benefitted property—is described as "Lot 283." (Pl. Aff. Opp. Summ. J., Ex. D; Def. Louisville Decl., Ex. 4.) Attached to the 1995 easement is the metes and bounds description of "Lot 300." (Pl. Aff. Opp. Summ. J., Ex. D.; Def. Louisville Decl., Ex. 4.) This description matches the legal description of the property conveyed to MHHC in the 1964 deed. (*See* Pl. Aff. Opp. Summ. J. ¶ 6, Exs. C, D; Def. Louisville Decl. ¶ 27, Exs. 3, 4.) A survey of Block 3343, Lot 283 conducted in August 1999, and certified to the United States Department of Housing and Urban Development

3

by Harwood Surveying, P.C., indicates two lots on Block 3343: Lot 283 and Lot 300. (Def. MHHC Aff. Supp. Summ. J. ¶ 19, Ex. M.)

**DISCUSSION**

I.      **Motion to Remand**

　　A.　　**Standard of Review**

A cause of action originally filed in state court may be removed by a defendant to federal court where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). For removal to be considered proper, the removing party must demonstrate that the federal court is endowed with the requisite subject matter jurisdiction. *See Caterpillar v. Williams*, 482 U.S. 386, 391-92 (1987). Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum. *See id.*; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996) ("Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns."). The removing party bears the burden of establishing that removal is proper. *See Avon Prods., Inc. v. The A/J P'ship*, Nos. 89 Civ. 3743, 89 Civ. 8032, 1990 WL 422416, at *1 (S.D.N.Y. Mar. 1, 1990); *Fisher v. Bldg. Servs. 32-B-J Health Fund*, No. 96 Civ. 4317, 1997 WL 590843, at *2 (S.D.N.Y. Sept. 22, 1997); *Still v. DeBuono*, 927 F. Supp. 125, 129 (S.D.N.Y. 1996).

A federal court has subject matter jurisdiction when complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "It is a fundamental principal [sic] of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005) (citing *Collins v. Dartmouth Plan, Inc.*, 646 F. Supp. 244, 245 (D. Conn. 1986)).

### B. Nominal Parties

Complete diversity does not appear to exist in this case. Plaintiff is a citizen of New York. Louisville is a Delaware Corporation with its principal place of business in Kentucky. The presence of MHHC, a nonprofit corporation organized under New York law with its principal place of business in New York, appears to destroy diversity.

However, in determining if diversity exists, courts disregard the presence of nominal parties. A party is deemed nominal if, based on the substantive law of the state where the federal court sits, no cause of action could be stated against him. *See Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981). The burden of proving a party is nominal falls on the party who is claiming nominal status. *Id.*

Under New York law, to be held liable for a dangerous property defect, the defendant must own, occupy, control or have special use of the premises on which the accident occurred. *Balsam v. Delma Eng'g Corp.*, 139 A.D.2d 292, 296, 532 N.Y.S.2d 105, 108 (1st Dep't 1998) (citing *Gilbert Props. v. City of New York*, 33 A.D.2d 175, 178, 305 N.Y.S.2d 650, 653 (1st Dep't 1969), *aff'd*, 27 N.Y.2d 594, 261 N.E.2d 406, 313 N.Y.S.2d 408 (N.Y. 1970)). If any one of these factors is met, the

defendant may be held liable for the dangerous condition. *See Balsam*, 532 N.Y.S.2d at 108. However, "[w]here none [of the elements are] present, a party cannot be held liable for injury caused by the defective or dangerous condition of the property." *Id.* A deed may be offered to establish proof of ownership. *See People v. Scandore*, 3 N.Y.2d 681, 684, 148 N.E.2d 872, 873, 171 N.Y.S.2d 808, 810 (N.Y. 1958) (finding a dated and recorded deed granting property at issue to defendant years before incident occurred was sufficient proof of ownership under "well established presumption of continuance of ownership" and indicating that this "is the customary way of establishing prima facie the ownership of real property" (citations omitted)).

Plaintiff argues only that the ownership element is at issue and both parties have provided evidence regarding ownership. An instrument that creates or transfers an interest in real estate "must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." N.Y. REAL PROP. LAW § 240(3) (McKinney's 1989); *see Modrzynski v. Wolfer*, 234 A.D.2d 901, 902, 651 N.Y.S.2d 782, 783 (4th Dep't 1996). "The settled rule for the construction of such instruments is that all evidence must be excluded which is offered 'to vary, explain or contradict a written instrument that was complete in itself and without ambiguity in its terms' since, when words in a deed 'have a definite and precise meaning, it is not permissible to go elsewhere in search of conjecture in order to restrict or extend the meaning.'" *Loch Sheldrake Assocs., Inc. v. Evans*, 306 N.Y. 297, 305, 118 N.E.2d 444, 447 (N.Y. 1954) (quoting *Uihlein v. Matthews*, 172 N.Y. 154, 159, 64 N.E. 792, 794 (N.Y. 1902)). A property description is adequate if it allows the property to be ascertained with a reasonable degree of certainty. *See Town of Brookhaven v. Dinos*, 76 A.D.2d 555, 561, 431 N.Y.S.2d 567, 571 (2d Dep't 1980) (citing *Pope v. Levy*, 54 A.D. 495, 497, 66 N.Y.S. 1028, 1028 (1st Dep't 1900)). The

description will be considered adequate even if a survey of the land is required to locate the property. *See id.*

Here, several documents, including two recorded deeds and a recorded easement, have been submitted to this Court concerning the ownership of 3400 Bainbridge Avenue.[6] (Pl. Aff. Opp. Summ. J., Exs. B-E; Def. MHHC Aff. Supp. Summ. J., Exs. J-O; Def. Louisville Decl., Exs. 1, 3-4.) Plaintiff asserts that the 1964 deed conveys all of Block 3343, Lot 283 to MHHC. We do not agree. The cover of that 1964 deed indicates that "[t]he land affected by . . . the instrument lies in . . . Block 3343." (Pl. Aff. Opp. Summ. J., Ex. C.) Lot 283 in Block 3343 was indeed "affected" by the conveyance. However, only a section of that property was deeded to MHHC. The detailed legal description, in metes and bounds, clearly describes a property smaller than the entirety of Lot 283. Although the deeded plot is not referred to as Lot 300, no such identification is necessary. Known monuments and landmarks may be employed as points of reference in describing a property in a deed. *Dinos*, 76 A.D.2d at 562. Where other methods are inadequate, the property may be described by reference to a map. *Id.* When this is done, the filed map becomes part of the description in the deed. *Id.* Here, no map is necessary because the 1964 deed provides a precise metes and bounds description of the property using streets as points of reference.[7] This same description is attached

---

[6] These papers were received as part of MHHC's Motion for Summary Judgment and plaintiff's Affidavit in Opposition.

[7] The 1964 deed describes the property conveyed to MHHC as follows:
Beginning at the corner formed by the intersection of the northerly side of East 210th Street with the westerly side of Wayne Avenue; running thence northerly along the westerly side of Wayne Avenue, 236 feet 7-3/4 inches; thence westerly and parallel with the northerly side of East 210th Street, 117 feet; thence southerly and parallel with the westerly side of Wayne Avenue, 153 feet; thence easterly and parallel with the northerly side of East 210th Street, 61 feet 4 inches; thence southerly and parallel with the westerly side of Wayne Avenue, 3 feet 6 inches; thence easterly and parallel with the northerly side of 210th Street,

to the 1995 easement as the description of the property to be burdened. This result is consistent with the survey map. The map clearly indicates Block 3343 contains two lots: Lot 283 and Lot 300. The property description in the 1964 deed matches Lot 300[8] as depicted on the survey map.

Since the evidence demonstrates that Montefiore Medical Center, not MHHC, owned the property known as 3400 Bainbridge Avenue, under New York law, no cause of action can be stated against MHHC. Plaintiffs have presented no evidence that MHHC operated, controlled, or specially used the property. MHHC is, therefore, a nominal defendant, and their citizenship, for diversity purposes, need not be considered. Accordingly, there is complete diversity between the real parties.

### C. Timeliness

While §§ 1441 and 1446 permit removal to federal court in certain circumstances, § 1447(c) allows for remand on the basis of any defect in the removal procedure or for lack of subject matter jurisdiction. *See LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). "All doubts should be resolved in favor of remand." *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (internal quotations and citations omitted); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Town of Moreau v. New York State Dep't of Envtl. Conservation*, No. 96 Civ. 983, 1997 WL 243258, at *1 (N.D.N.Y. May 5, 1997) (citing

---

> 10 feet; thence southerly and parallel with westerly side of Wayne Avenue, 80 feet 1-3/4 inches to the northerly side of East 210th Street, 45 feet 8 inches to the corner aforesaid, the point or places of Beginning.

(Pl. Aff. Opp. Summ. J., Ex. C; Def. Louisville Decl., Ex. 3.)

[8] There is some dispute as to when "Lot 300" came to be known by that name. However this is irrelevant in light of the detailed property description in the 1964 deed, the 1995 easement and the survey map.

*Leslie*, 928 F. Supp. at 347).

Plaintiff argues that Louisville's removal was untimely. (Pl. Mem. Supp. Mot. Remand, at 3.) Section 1446(b) provides that an action may not be removed to federal court on the basis of diversity jurisdiction more than one year after the action has been commenced. *See* 42 U.S.C. § 1446(b). Plaintiff submits that "[i]t is not clear from the case law whether the deadline [is] jurisdictional." (Pl. Mem. Supp. Mot. Remand at 5.) Indeed, there is conflicting case law as to whether this provision is a procedural or jurisdictional requirement. *See Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513 (5th Cir. 1992), *cert. denied*, 506 U.S. 999 (1992); *Brock v. Syntex Labs., Inc.*, 7 F.3d 232 (6th Cir. 1993); *Torah Soft Ltd. v. Drosnin*, No. 00 Civ. 0676, 2003 WL 22077414, at *4 (S.D.N.Y. Sept. 8, 2003). The distinction is significant: if § 1446(b) is procedural then "the plaintiff must have moved to remand 'within 30 days after the filing of the notice of removal' or his right to challenge the removal on the ground is waived. On the other hand, if this provision is classified as jurisdictional, the plaintiff may seek to remand at any time." *Torah Soft*, 2003 WL 22077414, at *4 (citing 42 U.S.C. § 1447(c)).

The Second Circuit has not ruled on this particular aspect of § 1446(b); however, district courts in this Circuit have found the time limitation to be procedural. *Hill*, 386 F. Supp. 2d at 430; *Torah Soft*, 2003 WL 22077414, at *4. In *Pierpoint v. Barnes*, the Second Circuit determined that the term "a defect in procedure" in 42 U.S.C. § 1447(c)[9] was intended by Congress to be "interpreted broadly in order to subject a wide range of remand motions to the 30-day limit." 94 F.3d 813, 817

---

[9] 42 U.S.C. § 1447(c) was amended in 1988 to impose a 30-day limit on all motions to remand based on any defect other than lack of subject matter jurisdiction. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

9

(2d Cir. 1996). In light of this instruction, Southern District courts have determined that § 1446(b)'s one-year time limitation is procedural; therefore, plaintiff must move for remand within thirty days of removal or the untimeliness of removal is waived. *Torah Soft*, 2003 WL 22077414, at *4. We see no reason to deviate from this reasoning.

The action against Louisville commenced on February 27, 2004. (Pl. Mem. Supp. Mot. Remand at 4; Def. MHHC Mem. Supp. Summ. J. at 2.) The one-year time period for removal of the case to federal court began to run on that date. The petition to remove was not filed until March 9, 2005, past the one-year removal deadline. (Def. Louisville Mem. at 2.) After the case was removed plaintiff had 30 days to remand the case. Plaintiff sought remand on May 4, 2005, after the 30-day time limit had expired.[10] This delay constitutes a waiver of the defect in removal procedure.

### D. Unanimity

Generally, for removal to be proper, all named defendants must join in the removal petition. *Still*, 927 F. Supp. at 129, *aff'd on other grounds*, 101 F.3d 888 (2d Cir. 1996). This requirement is known as "the rule of unanimity," and it "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand." *Miller v. First Sec. Invs., Inc.*, 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998) (quoting *Ogletree v. Barnes*, 851 F. Supp. 184, 187 (E.D. Pa. 1994)); *see Phoenix Global Ventures, Inc. v. Phoenix Hotel Assocs., Ltd.*, No. 04 Civ. 4991, 2004 WL 2360033, at *3 (S.D.N.Y. Oct. 19, 2004); *Smith v. Kinkead*, No.

---

[10] Plaintiff, during a pre-motion conference, sought permission to file this motion. However, the presence of a procedural defect was not raised during that conference, nor did mere permission to file a motion toll the running of the 30-day period. Plaintiff's Motion to Remand was filed on May 25, 2005.

03 Civ. 10283, 2004 WL 728542, at *2 (S.D.N.Y. Apr. 5, 2004). A removed case must be remanded unless all defendants join the removal petition. *See Forum Ins. Co. v. Texarkoma Crude & Gas Co.*, No. 92 Civ. 8602, 1993 WL 228023, at *2 (S.D.N.Y. June 22, 1993). An exception to the general requirement occurs where the nonjoining defendant is nominal.[11] *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999). Under such circumstances, the nominal defendant's consent is not required for unanimity. *See id.* As previously discussed, *infra* Part I.B., MHHC is a nominal defendant. As a result, MHHC's consent was not necessary to remove this action to federal court.

## II. Motion for Summary Judgment

Also before this Court is MHHC's motion for summary judgment. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(d). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the non-moving party. *See City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d

---

[11] Several exceptions to this general rule exist, including "where: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999) (citations omitted). For our purposes, only the second exception is relevant.

Cir. 1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. At this stage, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991); *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990).

As discussed *infra* Part I.B., MHHC has demonstrated that it is not a proper party to this action. Viewing the evidence in the light most favorable to the plaintiff,[12] as is required in

---

[12] MHHC has submitted a statement of material facts with its motion for summary judgement as required by Local Civil Rule 56.1. Plaintiff has electronically filed a document entitled "Motion for Summary Judgment Notice of Exhibits in Paper Form, Rule 56.1 Statement, Memo of Law." The paper copy of this document is entitled "Affidavit in Opposition." Local Rule 56.1 requires that "[t]he papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civil Rule 56.1(b). Plaintiff, represented by counsel, has failed to comply with this requirement. Without plaintiff's Rule 56.1 response papers specifically controverting the numbered paragraphs in defendant's Rule 56.1 statement, defendant's factual statements may be deemed admitted. *See* Local Civil Rule 56.1(c). However, this rule "does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1(a) statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001). Plaintiff's Affidavit in Opposition contains many factual allegations regarding this case. Although it does not formally comply with Rule 56.1, the Court has fully considered plaintiff's factual assertions in determining

determining whether to grant summary judgment, it is clear that no claim can be raised against MHHC. Accordingly, its motion for summary judgment must be granted.

## CONCLUSION

For all of the foregoing reasons, defendant Montefiore Hospital Housing Company's ("MHHC") motion for summary judgment is granted and plaintiff Emmanuel Zerafa's motion to remand in denied. The action is dismissed in its entirety with prejudice as to MHHC and with taxable costs.

SO ORDERED.

Dated: White Plains, New York
       December 7, 2005

*William C. Conner* (signature)
Sr. United States District Judge

---

whether there is a genuine material issue to be tried. *Wojcik v. 42nd St. Dev. Project*, 386 F. Supp. 2d 442 (S.D.N.Y. 2005).